IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

PATTY PEERY, #16948-078 §

VS. § CIVIL ACTION NO. 4:12cv82
CRIMINAL ACTION NO. 4:10cr57(17)
UNITED STATES OF AMERICA §

ORDER OF DISMISSAL

The above-entitled and numbered civil action was referred to United States Magistrate Judge Amos L. Mazzant, who issued a Report and Recommendation concluding that the motion to vacate, set aside, or correct sentence should be denied and dismissed with prejudice. Movant has filed objections.

On June 23, 2010, Movant pleaded guilty to conspiracy to commit mail and wire fraud under 18 U.S.C. § 1349. The elements of the charge to which she pleaded guilty under § 1349, including the elements for 18 U.S.C. §1341 (Mail Fraud and Swindles) and § 1343 (Fraud by Wire, Radio, or Television), were identified both in writing and in open court. On October 6, 2010, the Court sentenced her to 41 months of imprisonment. She did not file a direct appeal.

In her § 2255 motion, Movant asserted that she is entitled to relief because her counsel was ineffective by causing her to plead guilty to a non-existent offense and because her counsel "threatened Defendant with an increased sentence as punishment for the exercise of her constitutional right to file an appeal."

In her objections to the United States Magistrate Judge's Report, Movant reurges one of the issues raised and discussed in the Magistrate Judge's Report. Specifically, she reurges that her counsel was ineffective by causing her to plead guilty to a non-existent offense. As noted in the Report and Recommendation, Movant's plea agreement plainly states that Movant "agrees to enter

a plea of guilty to Count One of the Indictment which charges a violation of 18 U.S.C. § 1349 (conspiracy to Commit Mail and Wire Fraud)." It further notes that Movant "understands the nature and elements of the crime to which guilt is admitted." Movant's claim that she thought she was pleading guilty to violating the honest services fraud statute is contradicted by the record.

Movant again reurges that the United States Supreme Court case of *Skilling* applies to her case. As the Magistrate Judge explained in his Report, in *Skilling v. United States*, — U.S. —, 130 S. Ct. 2896, 2907, 177 L. Ed.2d 619 (2010), the Supreme Court held that the "honest services" fraud statute, 18 U.S.C. § 1346, criminalizes "only bribery and kickback schemes." While Movant argues that the *Skilling* holding renders her guilty plea "invalid as it premises [sic] on a non-existent offense," Movant was not charged with honest services fraud concerning bribery and kickbacks pursuant to § 1346. She was charged with, and pleaded guilty to, conspiracy to commit mail and wire fraud under 18 U.S.C. § 1349. The *Skilling* case is not applicable. In sum, Movant failed to show that she was denied effective assistance of counsel under the well-known standard outlined in *Strickland*. She failed to prove that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694, 104 S. Ct. 2052, 2068, 80 L. Ed.2d 864 (1984). Any argument trial counsel would have advanced in this vein during the plea process or on direct appeal would have been frivolous. Counsel cannot be held to be ineffective for failing to argue frivolous claims. *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990).

Movant fails to make further objections to the Report. Accordingly, she is barred, except upon grounds of plain error, from appellate review of those proposed factual findings and legal conclusions, which have been accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Report of the Magistrate Judge, which contains his proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. Having

made a *de novo* review of the objections raised by Movant to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and adopts the same as the findings and conclusions of the Court. It is accordingly

**ORDERED** that the motion to vacate, set aside, or correct sentence is **DENIED** and Movant's case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. Finally, it is

**ORDERED** that all motions not previously ruled on are hereby **DENIED**.

So **ORDERED** and **SIGNED** this **17** day of **September, 2012.**

_____
Ron Clark, United States District Judge